IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN HENRY DAWSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-186 |
| | ) | |
| JOHN M. PERKINS, Investigator, | ) | |
| Richmond County Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Augusta, Georgia.  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff names as Defendant Richmond County Police Department Investigator John M. Perkins.  (Doc. no. 1, pp. 1, 3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 9, 2017, Inv. Perkins responded to Plaintiff's home in reference to a

disturbance.  (Id. at 3.)  Samuel Noling and Jennifer Bannister alleged they were robbed and struck about the head and body with a firewood log and a metal pole.  (Id.)  Inv. Perkins took two statements from each alleged victim, and their statements were inconsistent.  (Id.)  Inv. Perkins determined Mr. Noling and Ms. Bannister had active bench warrants for their arrest. (Id.)  Inv. Perkins made an investigative note indicating he decided not to arrest Ms. Bannister because she had not yet sought medical treatment for her head wounds.  (Id. at 4.)  Inv. Perkins interviewed Mr. Noling at Augusta University Medical Center, where he was being treated for his injuries.  (Id.)  Inv. Perkins did not arrest Mr. Noling or explain the basis for his decision not to do so.  (Id.)

Shalisa Tyler, Plaintiff's girlfriend, informed Inv. Perkins that Mr. Noling used his head to strike her upper lip and struck her elbow.  (Id.)  Mr. Noling was never charged.  (Id.)  Ms. Bannister informed Inv. Perkins that Ms. Tyler began striking the passenger side of Mr. Noling's truck with a metal pole, so Mr. Nolan got out of the truck to make Ms. Tyler stop.  (Id.)  Windy Sherman, a witness, informed Inv. Perkins she did not see Plaintiff take anything from Mr. Noling.  (Id.)  Ms. Tyler informed Inv. Perkins she did not see Plaintiff carrying anything when he ran away.  (Id.)  Inv. Perkins intentionally discriminated against Plaintiff and Ms. Tyler.  (Id.)

On January 30, 2018, a true bill of indictment was returned charging Plaintiff and Ms. Tyler with armed robbery and aggravated assault.  (Id. at 5.)  Inv. Perkins appeared as a witness for the state.  (Id.)  On May 15, 2018, Plaintiff and Ms. Tyler were re-indicted for armed robbery and aggravated assault.  (Id.)

Plaintiff feels "like race has a lot to do with his case" and asserts this would not have happened to a white man on private property.  (Id.)  People assume black people are "thugs,

gangsters, criminals, and illiterate . . . ."  (Id.)  Plaintiff was indicted despite exculpatory accounts of the events, did not receive a preliminary hearing, and has been held without bond since March 15, 2018.  (Id.)  Plaintiff wrote his "public defender attorney" asking him to file motions to inspect the grand jury minutes, dismiss the indictment, and seek discovery and Brady materials. (Id. at 6.)  Plaintiff's counsel filed a motion to withdraw as counsel in his criminal case.  (Id.)

As relief, Plaintiff seeks a preliminary and permanent injunction ordering his release, compensatory damages for lost wages, punitive damages, court costs, and any additional relief the Court deems just, proper, and equitable.  (Id. at 7.)

B.    DISCUSSION

1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2.    The Court Should Abstain under the Younger Doctrine

The case should be dismissed because of the abstention doctrine. Plaintiff alleges: (1) he received disparate treatment from Inv. Perkins and should not have been charged when Mr. Noling and Ms. Bannister were not charged for their conduct; (2) he was indicted despite exculpatory evidence; (3) he did not receive a preliminary hearing and has been held without bond since March 15, 2018; and (4) his counsel failed to file pretrial motions as directed and filed a motion to withdraw as counsel. (See doc. no. 1.) The charging decision is one that

4

belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), must be considered in three parts:  "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."  <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003).  Furthermore, while <u>Younger</u> involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, <u>Younger</u> abstention extends to cases involving § 1983 claims for damages.  <u>See</u> <u>Boyd v. Georgia</u>, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to <u>Younger</u> abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention.  First, public records indicate the underlying criminal proceedings are ongoing.[1]  Public records confirm what the complaint implies; i.e., the state proceeding is ongoing.  <u>Cf.</u> <u>Steffel v. Thompson</u>, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . .").

Second, the state proceeding implicates an important state interest in criminally

---

[1] <u>See</u> Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Dawson, John Henry," open 2018RCCR00666, last visited Jan. 23, 2019); <u>see also</u> <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

prosecuting felony offenses.  Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions.  Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim.  See 31 Foster Children, 329 F.3d at 1279.  Indeed, it appears Plaintiff can even raise his equal protection claim in his criminal proceedings as a selective prosecution claim.  See State v. Babel, 469 S.E.2d 203, 205, n.2 (Ga. Ct. App. 1996) (noting "selective prosecution analysis is essentially equal protection analysis" and reversing trial court's grant of motions to quash based on selective prosecution); see also Wallace v. State, 791 S.E.2d 836, 839-40 (Ga. 2016) (discussing selective prosecution standard and affirming trial court's rejection of defendant's selective prosecution claim). Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice.  See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this

case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA